IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DESTINY GLOBAL, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> § <br> Defendant. § | CASE NO. 5:19-cv-00582 |

## COMPLAINT

Plaintiff, Destiny Global, LLC, by and through undersigned counsel, in complaint against Defendant, alleges as follows:

### NATURE OF CLAIMS ASSERTED

1. This Complaint asserts a statutory claim under 26 U.S.C. § 7422[1] to protect the statute of limitations for refund of money paid by the shareholders of Destiny Global, LLC ("Destiny") to the United States Treasury in respect of federal income taxes for taxable year ended December 31, 2014. Destiny properly elected to be treated as a pass-through entity under Subchapter S of the IRC, so all of its income and expenses are annually passed through to its shareholders and reported on their Form 1040, Individual Income Tax Returns. Plaintiff seeks an order directing Defendant to fully allow its claim for an adjustment to its 2014 income tax return, resulting in an overpayment by its shareholders, in the amount of $1,843,011.00, plus all legally cognizable pre and post judgment interest. Plaintiff and its shareholders have all timely perfected administrative claims with the Internal Revenue Service within the applicable period of limitations that are requisite to this action. Based on information recently provided by the IRS, Plaintiff believes IRS has processed and is allowing the administrative claim of Plaintiff's shareholders for

---

[1] Title 26 is the Internal Revenue Code of 1986, as amended (referenced herein as "IRC § ____").

$1,843,011.00, however, that refund or credit may not be fully completed before the statute of limitations for filing this action expires. During 2017, IRS wrongfully disallowed Plaintiff's administrative claim. To the extent the IRC requires the statute of limitations on Plaintiff's claim to remain open to process and complete the administrative claim filed by its shareholders, this action is filed to protect Plaintiff's limitations period.

## PARTIES, JURISDICTION AND VENUE

2.  Plaintiff, Destiny Global, LLC, is a Nevada Limited Liability Company, registered to transact business in Texas, with its principal place of business at 218 Quinlan Street #251, Kerrville, Texas 78028.

3.  Defendant, the United States of America, acting through the United States Treasury Department and the IRS, denied Plaintiff's claim for an adjustment to tax and is the proper party in interest for this action.

4.  This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. §§ 6511, 6532(a), 7402 and 7422(a).

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a result of Plaintiff registered to conduct its business in Texas, and Defendants IRS and Department of Treasury having offices in Texas.

## I.  GENERAL ALLEGATIONS

6.  By this reference, paragraphs 1-5, above, are fully incorporated and set forth hereunder.

7.  This action arises under the laws of the Internal Revenue Code of 1986 as amended from the IRS's erroneous denial of Plaintiff's timely claim for an adjustment to tax for the taxable year ended December 31, 2014 (the "2014 Claim").

8. Plaintiff's 2014 Claim stems from a reduction in income originally reported on its 2014 Form 1120S, *U.S. Income Tax Return for an S Corporation* (the "2014 Return").

9. Plaintiff's sole shareholders are husband and wife, Hans T. Johnson and Danette R. Johnson (the "Johnsons").

10. Plaintiff's 2014 Return was timely filed on or before September 15, 2015. Prior to filing, Plaintiff learned that certain deductions were incorrectly reported on its prior years' income tax returns (2007-2013). The result was that $3,588,965.00 of Plaintiff's income had been reduced on its 2007-2013 income tax returns.

11. Plaintiff's then-counsel and return preparer were concerned about the amount of time it would take to amend Plaintiff's 2007-2013 income tax returns once this mistake was realized. So, they advised Plaintiff the most expeditious way to correct the issue was to include $3,588,965.00 as additional income (the "Additional Income") on its 2014 Return, then file an amended return to reduce its 2014 income *after* the 2007-2013 income tax returns could be properly amended.

12. The 2014 Return reported total income in the amount of $8,597,267.00, including the Additional Income. Plaintiff reported ordinary business income, in the amount of $4,574,304.00, which flowed-through and was reported on the Johnsons' timely filed 2014 Form 1040, *U.S. Individual Income Tax Return* (the "Johnsons' 2014 Return").

13. After filing its 2014 Return, Plaintiff properly amended its 2007-2013 income tax returns. Then it filed an amended 2014 income tax return, reducing its income accordingly (the "Amended 2014 Return").

14. In or around May 2016, the IRS selected Plaintiff's Amended 2014 Return for examination. In that connection, the IRS incorrectly disallowed Plaintiff's 2014 Claim to reduce its income by Letter 569 dated June 1, 2017.[2]

15. In early 2017, the Johnsons filed 2014 Form 1040X, reducing their income flowing through from Plaintiff based on its Amended 2014 Return, timely perfecting their claim for refund, in the amount of $1,843,011.00 (the "Johnsons' 1040X").

16. For reasons unknown, the Johnsons' 1040X was not processed by IRS, despite IRS having received it. Plaintiff made numerous failed attempts to locate their 1040X with IRS, so it filed request for Taxpayer Advocate Service ("TAS") Assistance in March 2018.

17. Through TAS, in early 2019, IRS opened an examination of the Johnsons' 1040X so the return and refund could finally be processed. On May 6, 2019, the Johnsons' 1040X was processed and their refund, in the amount of $1,843,011.00 was approved and is currently shown as a credit on their account.

18. Plaintiff's Amended 2014 Return has also been fully accepted within the examination, allowing its reduced income, and ultimately its 2014 Claim.

19. While the IRS Revenue Agent assigned to examine the Johnsons' 1040X, and his Manager, have repeatedly advised Plaintiff that its 2014 Claim has been allowed and the Johnsons' 2014 refund has been approved, this will not be reflected in the IRS's system until the examination is closed. Due to internal procedures (and tying up of administrative loose ends), IRS advised it cannot be accomplished before expiration of two-year statute in connection with Plaintiff's 2014 Claim.

---

[2] The IRS subsequently issued Letter 906, dated August 9, 2017, stating that it is the formal disallowance of Plaintiff's claim for adjustment to its 2014 tax and that it is permitted to file suit within "2 years from the mailing date of this letter." Although Plaintiff believes the two-year period does not expire until around August 9, 2017, it is protectively filing this suit based on IRS's June 1, 2017 letter.

## II. CLAIM FOR REFUND
(26 U.S.C. §§ 6532, 7422)

20. By this reference, paragraphs 1-19, above, are fully incorporated and set forth hereunder.

21. Plaintiff properly and timely perfected its 2014 Claim by filing this lawsuit within the two-year requirements 26 U.S.C § 6532.

22. Plaintiff's shareholders, the Johnsons, properly and timely perfected their 2014 refund claim by filing their Amended 2014 Income Tax Return (Form 1040X) within the requirements of 26 U.S.C § 6511(a).

23. Plaintiff is entitled to its adjustment to its income, and the Johnsons are entitled to a refund from Defendant in the amount of $1,843,011.00, together with all legally cognizable pre and post judgment interest.

## III. CLAIM FOR ATTORNEYS FEES AND ADMINISTRATIVE COSTS
(26 U.S.C. § 7430)

24. By this reference, paragraphs 1-23, above, are fully incorporated and set forth hereunder.

25. Defendant's failure and/or refusal to accept Plaintiff's 2014 Claim lacks substantial justification, entitling Plaintiff to recover all reasonable costs and attorneys' fees as may be provided under law (26 U.S.C. § 7430).

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor, against Defendant, ordering Defendant to fully allow its 2014 Claim such that the Johnsons will receive a refund of $1,843,011.00, plus all legally cognizable pre and post judgment interest, and to effect such other and further relief as this Court seems just and proper in the premises.

PLAINTIFF HEREBY DEMANDS TRIAL BY A JURY OF SIX ON ALL TRIABLE ISSUES.

Dated this 30th day of May 2019.

        Respectfully submitted,

        **CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY**

        By: /s/ *Chad Muller III*
            Charles J. Muller III
            State Bar No. 14649000
            112 East Pecan, Suite 1450
            San Antonio, Texas 78205
            Telephone: (210) 253-8383
            Facsimile:  (210) 253-8384
            chad.muller@chamberlainlaw.com

        **ATTORNEYS FOR PLAINTIFF DESTINY GLOBAL LLC**